[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This limited contested action for dissolution of marriage was brought to and tried before the Judicial District of New Haven. Based upon the evidence the court finds that the parties were intermarried at Farmington, Connecticut on May 7, 1982. There are four (4) minor children issue of the marriage, Chelsea M. Stearns born April 10, 1983; Alexandra G. Stearns born October 13, 1986; Adam H. Stearns born July 24, 1988; and Dante C. Stearns born December 10, 1991. No other minor children have been born to the wife since the date of the marriage.
The court finds that the marriage between the parties has broken down irretrievably without prospect for reconciliation, therefore the marriage is dissolved on the grounds of irretrievable breakdown.
The parties have reached an agreement regarding custody and visitation which was approved by the court on January 8, 2001. In accordance with that agreement the court orders that the parties shall have joint legal custody of the minor children with physical custody in the father. The wife shall have reasonable and liberal visitation which shall include the following:
a. Alternate weekends from 6:30 p.m. Friday to 7:00 p.m. Sunday;
b. Wednesdays and Thursdays, 6:00 p.m. to 8:00 p.m.;
c. Alternating major holidays;
d. All other visitation, including summer vacation times, by mutual agreement.
The plaintiff husband is 45 years old and is in good health. He has a high school education and is presently employed as a maintenance supervisor at Quinnipiac University. He also has a part-time job as a custodian for several auto dealerships. His income from his principal employment is $730.70 a week and his part-time job income is $446 per week. Both jobs yield a net income for child support guideline purposes of $785 per week.
The defendant wife is 45 yeas of age and is a high school graduate with CT Page 1458 one year of college study. Her health has been affected by recent foot surgery and tremors however, she is able to work 30 hours per week. She is presently employed as a part-time secretary earning approximately $14 an hour and she works approximately 30 hours per week. Her gross income for child support guideline purposes is presently $420 a week and her net income is $360 per week.
The defendant is ordered to pay to the plaintiff as child support the sum of $147 per week which is in accordance with the guidelines. Furthermore, the defendant is to pay 19% of the unreimbursed medical expenses of the children in accordance with the guidelines.
From the evidence the court finds that the plaintiff on several occasions during the marriage committed acts of physical abuse against the defendant. From the evidence the court also finds that the defendant spent money beyond the means of the couple and had several romantic relationships with men other than her husband. Having considered all of the evidence the court concludes that by their actions both parties contributed to the breakdown of this marriage.
Although the defendant is presently working only 30 hours per week the court believes that she can, and expects that she will, find full-time employment. Considering all of the factors contained in General Statutes § 46b-82, the court does believe that a period of durational nonmodifiable alimony is warranted. This award of limited alimony will allow her to obtain further education and transition to full-time employment.
The plaintiff is ordered to pay alimony to the defendant in the amount of $200 per week for 52 weeks from the date of judgment. Thereafter, he is to pay alimony in the amount of $150 per week for 52 weeks. Thereafter, he is to pay alimony in the amount of $100 per week for 104 weeks after which time his alimony obligation is to cease. This award of alimony is nonmodifiable in duration and amount, however, it shall terminate upon the death of either party.
Each party shall maintain insurance on their life in the amount of $50,000 with the minor children named as beneficiaries. The parties shall exchange proof of coverage by November 1 of each year. The plaintiff husband is to maintain separate life insurance coverage upon his life in the amount of $25,000 with the defendant wife as beneficiary for so long as his alimony obligation is in effect.
For tax year 2000, the plaintiff shall be entitled to claim all of the minor children as dependants. Beginning in tax year 2001 and thereafter, the defendant shall claim the two oldest children as dependents and the CT Page 1459 plaintiff shall claim the two youngest children as dependents.
The plaintiff shall make available, through his employer, health insurance for the wife under COBRA. If the wife desires to obtain this coverage she shall be responsible for payment of the premiums.
The husband shall assign to the wife one-half of his TIAA/CREF retirement plan valued as of the date of this judgment. The court shall retain jurisdiction to issue a qualified domestic relations order if necessary to effectuate this order.
The husband shall pay and hold the wife harmless from the joint indebtedness to the Internal Revenue Service.
Based upon the Stipulation of the parties in open court, the court will make no further orders regarding the liabilities of the parties since the husband has recently filed bankruptcy and the wife expects to file bankruptcy in the near future.
The defendant shall be entitled to retain the childrens' bedroom furniture currently in her possession. The husband shall be entitled to the freezer presently in the wife's possession.
Each party shall be responsible for their own counsel fees.
Domnarski, J.